UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>         Plaintiff,<br><br>    v.<br><br>ALFREDO RUIZ,<br><br>         Defendants. | Case No.: CV 12-6205 PSG<br><br>**ORDER THAT CASE BE REASSIGNED WITH RECOMMENDATION THAT THE CASE BE REMANDED TO STATE COURT** |

On December 7, 2012, Defendant Alfredo Ruiz ("Defendant") removed this case from Monterey County Superior Court. Plaintiff Federal National Mortgage Association ("Plaintiff") brought an unlawful detainer action against Defendant in state court, and Defendant seeks to use the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, and the Equal Protection Clause of the Fourteenth Amendment as affirmative defenses.

Federal courts are limited in their jurisdiction to either (1) diversity cases where citizens of two different states have a dispute involving an amount in controversy that exceeds $75,000 or (2) federal questions where the cause of action - not the defense - "arises under" federal law.[1] Defendant argues that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, but the cause of

---

[1] *See* 28 U.S.C. § 1331; *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908).

ORDER, *page 1*

1  action - unlawful detainer - does not arise under federal law.  This court, therefore, lacks subject
2  matter jurisdiction to hear the case.
3        Accordingly, the court hereby ORDERS that this case be reassigned to a District Judge[2] with
4  the recommendation that the case be remanded to Monterey County Superior Court.

Dated: December 10, 2012

                                                   PAUL S. GREWAL
                                                   United States Magistrate Judge

---

[2] This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have the authority to make case-dispositive rulings. *See, e.g.*, *Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988).

ORDER, *page 2*